ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH R. KASTELEBA,          :
                              :        CIVIL ACTION
        Plaintiff,            :
                              :        No. _____
        v.                    :
                              :
JOHN JUDGE; MICHAEL L.        :
GREEN; ALLEN CASTOR;          :
JEFFREY R. IMBODEN; GARY      :    **3:CV 05-1739**
LUCHT; GERARD N. MASSARO;     :
SEAN RYAN; MICHAEL M.         :
WEBSTER; LLOYD A. WHITE;      :
JOHN R. TUTTLE; MARGARET      :
E. THOMPSON;                  :
COMMONWEALTH OF               :
PENNSYLVANIA; and             :
COMMONWEALTH OF               :
PENNSYLVANIA, BOARD OF        :
PROBATION AND PAROLE          :
                              :
        Defendants.           :



HARRISBURG, PA

AUG 25 2005

MARY E. D'ANDREA, CLERK
Per_____
        Deputy Clerk

## NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Defendants, John Judge; Michael L. Green; Allen Castor; Jeffrey R. Imboden; Gary Lucht; Gerard N. Massaro; Sean Ryan; Michael M. Webster; Lloyd A. White; John R. Tuttle; Margaret E. Thompson; Commonwealth of Pennsylvania; and Commonwealth of Pennsylvania, Board of Probation and Parole, ("Defendants") by their attorney, Alan M. Robinson, Assistant Counsel, Pennsylvania Board of Probation and Parole, hereby give notice to this Court of

the removal of a civil action from the Court of Common Pleas of Luzerne County, Pennsylvania in which they are presently defendants and in support thereof state:

1.    Plaintiff initiated a civil action against Defendants by writ of summons in the Court of Common Pleas of Luzerne County. A copy of the writ of summons is attached as Exhibit "A".

2.    Plaintiff filed his complaint in the Court of Common Pleas of Luzerne County on August 3, 2005. A copy of the complaint is attached as Exhibit "B".

3.    Defendants' counsel received the complaint on August 8, 2005.

4.    This notice of removal is timely filed within 30 days of the date of service of the complaint in which a federal question is raised.

5.    This state action is one that may properly be removed to this Court under 28 U.S.C. § 1441(b) because Plaintiff asserts in his complaint that Defendants are liable to him under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

6.    This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

7.    Venue is proper in this jurisdiction.

Respectfully submitted,

Office of General Counsel,

By:  _____

Alan M. Robinson
Attorney I.D. No. 82670
Pennsylvania Board of
Probation and Parole
1101 South Front Street, Suite 5100
Harrisburg, PA  17104-2517
(717) 787-8126

Dated:      August 25, 2005

JOSEPH R. KASTELEBA,

          Plaintiff

vs.

JOHN JUDGE; MICHAEL L. GREEN;
ALLEN CASTOR; JEFFREY R. IMBODEN;
GARY R. LUCHT; GERARD N. MASSARO;
SEAN R. RYAN; MICHAEL M. WEBSTER;
LLOYD A. WHITE; JOHN R. TUTTLE;
MARGARET E. THOMPSON;
COMMONWEALTH OF PENNSYLVANIA; and
COMMONWEALTH OF PENNSYLVANIA,
BOARD OF PROBATION AND PAROLE,

          Defendants

05 JUL 12 AM 8:19

OFFICE OF CHIEF COUNSEL

IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY

CIVIL ACTION -- LAW

JURY TRIAL DEMANDED

No. 7498-2005

## WRIT OF SUMMONS

Commonwealth of Pennsylvania

          :  ss

County of Luzerne

To the Sheriff of said County, Greeting:

TO:    Michael L. Green,
       Defendant

      You are notified that Joseph R. Kasteleba, Plaintiff, has commenced an action, Civil Action -- Law,

against you.

Date:   7-8-05

SEAL OF
THE
COURT

_____
JILL A. MORAN          Prothonotary

BY: _____
                             Deputy

## EXHIBIT "A"

JOSEPH R. KASTELEBA,              :     IN THE COURT OF COMMON PLEAS
                                  :           OF LUZERNE COUNTY
            Plaintiff             :
                                  :     CIVIL ACTION -- LAW
vs.                               :
                                  :     JURY TRIAL DEMANDED
JOHN JUDGE; MICHAEL L. GREEN;     :
ALLEN CASTOR; JEFFREY R. IMBODEN; :
GARY R. LUCHT; GERARD N. MASSARO; :
SEAN R. RYAN; MICHAEL M. WEBSTER; :
LLOYD A. WHITE; JOHN R. TUTTLE;   :
MARGARET E. THOMPSON;             :
COMMONWEALTH OF PENNSYLVANIA; and :
COMMONWEALTH OF PENNSYLVANIA,     :
BOARD OF PROBATION AND PAROLE,    :
                                  :
            Defendants            :     No. 7498-2005

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance, personally or by attorney, and filing, in writing, with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court, without further notice, for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

NORTH PENN LEGAL SERVICES
Suite 410, 15 Public Square
Wilkes-Barre, PA 18701
570-825-8567

or

21 North Church Street
Hazleton, PA 18201
570-455-9511

## EXHIBIT "B"

Respectfully submitted,

BRUCE J. PHILLIPS, ESQUIRE
Wetzel, Caverly, Shea, Phillips & Rodgers
Suite 210, 15 Public Square
Wilkes-Barre, PA 18701
570-823-0101

Attorney for Plaintiff,
JOSEPH R. KASTELEBA

JOSEPH R. KASTELEBA,                      :      IN THE COURT OF COMMON PLEAS
                                          :          OF LUZERNE COUNTY
                        Plaintiff         :
                                          :      CIVIL ACTION -- LAW
vs.                                       :
                                          :      JURY TRIAL DEMANDED
JOHN JUDGE; MICHAEL L. GREEN;             :
ALLEN CASTOR; JEFFREY R. IMBODEN;         :
GARY R. LUCHT; GERARD N. MASSARO;         :
SEAN R. RYAN; MICHAEL M. WEBSTER;         :
LLOYD A. WHITE; JOHN R. TUTTLE;           :
MARGARET E. THOMPSON;                     :
COMMONWEALTH OF PENNSYLVANIA; and         :
COMMONWEALTH OF PENNSYLVANIA,             :
BOARD OF PROBATION AND PAROLE,            :
                                          :
                        Defendants        :      No. 7498-2005

## COMPLAINT

**AND NOW**, comes Plaintiff, Joseph R. Kasteleba, by and through his attorney, Bruce J. Phillips, Esquire, and files this, his Complaint, against Defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle, Margaret E. Thompson, Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania, Board of Probation and Parole, and in support thereof avers as follows:

1.      That, Plaintiff, Joseph R. Kasteleba, is an adult individual and has as his principal address 733 North Washington Street, Wilkes-Barre, Luzerne County, Pennsylvania 18702.

2.      That, Defendant, John Judge, was, at all times material to this Complaint, employed as a Probation Officer by the Commonwealth of Pennsylvania, Office of Probation and Parole Services, and is an adult individual who has as his principal address Lackawanna County Courthouse, 200 North Washington Avenue, Scranton, Lackawanna County, Pennsylvania 18503. That, suit is brought herein against Defendant, Judge, as an individual and in his official capacity as a Probation Officer of the Commonwealth of Pennsylvania, Office of Probation and Parole Services.

3.   That, Defendants, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, and Lloyd A. White, were, at all times material to this Complaint, Members of the Commonwealth of Pennsylvania, Board of Probation and Parole, and are adult individuals who have as their principal address Commonwealth of Pennsylvania, Board of Probation and Parole, Suite 5900, Riverfront Office Center, 1101 South Front Street, Harrisburg, Dauphin County, Pennsylvania 17104.  That, suit is brought herein against Defendants, Green, Castor, Imboden, Lucht, Massaro, Ryan, Webster, and White, as individuals and in their official capacities as Members of the Commonwealth of Pennsylvania, Board of Probation and Parole.

4.   That, Defendant, John R. Tuttle, was, at all times material to this Complaint, the Director of the Commonwealth of Pennsylvania, Office of Probation and Parole Services, and is an adult individual who has as his principal address Commonwealth of Pennsylvania, Office of Probation and Parole Services, Suite 5900, Riverfront Office Center, 1101 South Front Street, Harrisburg, Dauphin County, Pennsylvania 17104. That, suit is brought herein against Defendant, Tuttle, as an individual and in his official capacity as the Director of the Commonwealth of Pennsylvania, Office of Probation and Parole Services.

5.   That, Defendant, Margaret E. Thompson, was, at all times material to this Complaint, the Director of the Commonwealth of Pennsylvania, Division of Interstate Probation Services, and is an adult individual who has as her principal address Suite 5900, Riverfront Office Center, 1101 South Front Street, Harrisburg, Dauphin County, Pennsylvania 17104. That, suit is brought herein against Defendant, Thompson, as an individual and in her official capacity as the Director of the Commonwealth of Pennsylvania, Division of Interstate Probation Services.

6.   That, Defendant, Commonwealth of Pennsylvania, is a sovereign state of the United States of America, acting through an agency and department known as the Commonwealth of Pennsylvania, Board of Probation and Parole, and has as its principle office Suite 5900, Riverfront Office Center, 1101 South Front Street, Harrisburg, Dauphin County, Pennsylvania 17104.

7. That, Defendant, Commonwealth of Pennsylvania, Board of Probation and Parole, is an agency and department of the Commonwealth of Pennsylvania, and has as its principal address Commonwealth of Pennsylvania, Board of Probation and Parole, Suite 5900, Riverfront Office Center, 1101 South Front Street, Harrisburg, Dauphin County, Pennsylvania 17104.

8. That, Defendants , Judge, Green, Castor, Imboden, Lucht, Massaro, Ryan, Webster, White, Tuttle, and Thompson, were, at all times material to this Complaint, acting under color of state law and their authority as a Probation Officer; Members of the Board of Probation and Parole; Director of the Office of Probation and Parole Services; and Director of the Division of Interstate Probation Services.

9. That, on or about 1979, Plaintiff was sentenced in the State of Florida pursuant to a criminal conviction.

10. That, subsequent to the sentencing of Plaintiff, a period of probation and parole was initiated by Order of the Florida Courts.

11. That, Plaintiff did specifically request a transfer of his probation and parole to the Commonwealth of Pennsylvania.

12. That, Plaintiff's request to transfer his probation and parole was granted and Plaintiff was placed under the supervision of the office of the Commonwealth of Pennsylvania, Board of Probation and Parole located in Lackawanna County, Pennsylvania.

13. That, during the course of the administration and supervision of Plaintiff's probation and parole within the Commonwealth of Pennsylvania, Defendant, John Judge, was specifically assigned as the Probation Officer for Plaintiff.

14. That, Plaintiff's period of probation and parole was completed under the administration and supervision of Defendants and his period of probation and parole was specifically terminated within the Commonwealth of Pennsylvania, with Plaintiff living as a free and productive member of the community for nearly twenty (20) years.

15. That, on or about April 14, 2004, Plaintiff was visiting within the State of Florida when he was pulled over for a traffic violation.

16.　　That, subsequent to being stopped for a traffic violation within the State of Florida, a criminal records check was undertaken by law enforcement officials within the State of Florida.

17.　　That, upon a request for information pertaining to Plaintiff, it was disclosed by Defendants and/or their agents, servants, and/or employees that Plaintiff was a fugitive from justice for whom their existed an outstanding warrant for his arrest despite the fact that Plaintiff was neither a fugitive nor had any arrest warrant outstanding against him.

18.　　That, the information provided by Defendants and/or their agents, servants, and/or employees to the law enforcement officials within the State of Florida was blatantly false and known to be false at the time that it was made available to the law enforcement officials within the State of Florida.

## COUNT I

### JOSEPH R. KASTELEBA
v.
### JOHN JUDGE, MICHAEL L. GREEN, ALLEN CASTOR, JEFFREY R. IMBODEN, GARY R. LUCHT, GERARD N. MASSARO, SEAN R. RYAN, MICHAEL M. WEBSTER, LLOYD A. WHITE, JOHN R. TUTTLE, MARGARET E. THOMPSON, COMMONWEALTH OF PENNSYLVANIA, and COMMONWEALTH OF PENNSYLVANIA, BOARD OF PROBATION AND PAROLE

### CLAIMS ARISING PURSUANT TO THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

19.　　That, Plaintiff incorporates herein by reference Paragraphs 1 through 18 hereof as if the same were set forth fully at length herein.

20.　　That, during the time of the administration and supervision of Plaintiff's period of probation and parole within the Commonwealth of Pennsylvania, Defendant, Judge, did threaten Plaintiff and did specifically state to him that he was going to "get him" despite the fact that Plaintiff had successfully completed his period of probation and parole and despite the fact that he was not guilty of any additional crimes.

21.    That, as a result of the false information provided by Defendants and/or their agents, servants, and/or employees to the law enforcement officials within the State of Florida, Plaintiff was summarily incarcerated within the State of Florida without notice, hearing, or court adjudication by virtue of the belief by the law enforcement officials within the State of Florida that he was a fugitive from justice for whom an arrest warrant was outstanding.

22.    That, the information provided by Defendants and/or their agents, servants, and/or employees to the law enforcement officials within the State of Florida was known to be false at the time of its transmission to the law enforcement officials within the State of Florida and was undertaken with wanton and reckless disregard for Plaintiff's constitutionally protected rights.

23.    That, as a result of the false information provided by Defendants and/or their agents, servants, and/or employees to the law enforcement officials within the State of Florida, Plaintiff remained incarcerated in a County Jail within the State of Florida for a period of three (3) months despite the fact that he had successfully completed his period of probation and parole and despite the fact that he was not guilty of any additional crimes.

24.    That, Defendants undertook no action to promptly correct the false information provided by Defendants and/or their agents, servants, and/or employees to the law enforcement officials within the State of Florida, which resulted in the continued incarceration of Plaintiff in a County Jail within the State of Florida for a period of three (3) months in profound violation of Plaintiff's constitutionally protected rights.

25.    That, as a result of his incarceration, Plaintiff was forced to employ an attorney within the State of Florida at considerable expense, which ultimately resulted in the release of Plaintiff upon the disclosure to the Florida Courts that he was not a fugitive from justice and there was no arrest warrant outstanding against him.

26.    That, the actions of Defendant, Judge, were undertaken intentionally and with wanton disregard for Plaintiff's constitutionally protected rights and were undertaken solely to punish Plaintiff by reason of Defendant, Judge's, personal animosity and disdain toward Plaintiff.

27.    That, the actions of Defendants and/or their agents, servants, and/or employees in providing false information to the law enforcement officials within the State of Florida were undertaken maliciously and represent a profound violation of Plaintiff's constitutionally protected rights arising pursuant to the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983.

28.    That, by reason of Defendants' profound violations of Plaintiff's constitutionally protected rights, Plaintiff was incarcerated in a County Jail within the State of Florida for a period of three (3) months and did suffer severe emotional distress and personal embarrassment and humiliation, for which claim is herein made.

29.    That, by reason of Defendants' profound violations of Plaintiff's constitutionally protected rights, Plaintiff was required to expend considerable expense in the employment of an attorney, for which claim is herein made.

30.    That, by reason of Defendants' profound violations of Plaintiff's constitutionally protected rights, Plaintiff was unable to be employed and had his life substantially disrupted, causing Plaintiff to lose wages from his position of employment and otherwise impair his future earning capacity, for which claim is herein made.

31.    That, the actions of Defendants, Judge, Green, Castor, Imboden, Lucht, Massaro, Ryan, Webster, White, Tuttle, and Thompson, individually, were intentional, malicious, and with such wanton disregard for Plaintiff's constitutionally protected rights as to entitle Plaintiff to the recovery of punitive damages against Defendants, Judge, Green Castor, Imboden, Lucht, Massaro, Ryan, Webster, White, Tuttle, and Thompson, individually.

**WHEREFORE**, Plaintiff, Joseph R. Kasteleba, prays this Honorable Court for judgment in favor of Plaintiff and against Defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle, Margaret E. Thompson, Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania, Board of Probation and Parole, as follows:

a.    For compensatory damages in an amount to be determined, which amount represents the following:

    1.    Damages for emotional distress and personal embarrassment and humiliation;

    2.    Damages arising by reason of the expenses incurred by Plaintiff in the employment of an attorney within the State of Florida;

    3.    Damages arising by reason of Plaintiff's loss of income as a result of his wrongful incarceration;

b.    For punitive damages against the Individual Defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle, and Margaret E. Thompson;

c.    For interest, costs, and reasonable attorney's fees; and

d.    For such other relief as the Court deems appropriate and just.

## COUNT II

**JOSEPH R. KASTELEBA**
**v.**
**JOHN JUDGE, MICHAEL L. GREEN, ALLEN CASTOR, JEFFREY R. IMBODEN, GARY R. LUCHT, GERARD N. MASSARO, SEAN R. RYAN, MICHAEL M. WEBSTER, LLOYD A. WHITE, JOHN R. TUTTLE, MARGARET E. THOMPSON, COMMONWEALTH OF PENNSYLVANIA, and COMMONWEALTH OF PENNSYLVANIA, BOARD OF PROBATION AND PAROLE**

**CLAIMS ARISING PURSUANT TO**
**THE FOURTEENTH AMENDMENT**
**TO**
**THE UNITED STATES CONSTITUTION**

**SUBSTANTIVE DUE PROCESS**

32.    That, Plaintiff incorporates herein by reference Paragraphs 1 through 31 hereof as if the same were set forth fully at length herein.

33.    That, as a result of the false information provided by Defendants and/or their agents, servants, and/or employees to the law enforcement officials within the State of Florida that Plaintiff was a fugitive from justice from whom an arrest warrant was outstanding, Plaintiff was summarily incarcerated within the State of Florida without notice, hearing, or court adjudication in violation of his rights arising pursuant to the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

34. That, Defendants and/or their agents, servants, and/or employees created a danger to Plaintiff's life and liberty by disseminating false information to the law enforcement officials within the State of Florida that he was a fugitive from justice for whom an arrest warrant was outstanding.

35. That, the actions of Defendants were undertaken with willful indifference and reckless and wanton disregard for Plaintiff's constitutionally protected rights arising pursuant to the Fourteenth Amendment and 42 U.S.C. §1983.

36. That, Plaintiff has an interest to be free in life and liberty and without the intentional, willful, and malicious actions of Defendants and/or their agents, servants, and/or employees, which actions did, in fact, cause Plaintiff to be totally deprived of his liberty, suffer emotional distress and personal embarrassment and humiliation, incur expenses in the employment of an attorney, lose wages from his position of employment, and suffer impairment of his future earning capacity.

37. That, by reason of Defendants' profound violations of Plaintiff's constitutionally protected rights, Plaintiff was incarcerated in a County Jail within the State of Florida for a period of three (3) months and did suffer severe emotional distress and personal embarrassment and humiliation, for which claim is herein made.

38. That, by reason of Defendants' profound violations of Plaintiff's constitutionally protected rights, Plaintiff was required to expend considerable expense in the employment of an attorney, for which claim is herein made.

39. That, by reason of Defendants' profound violations of Plaintiff's constitutionally protected rights, Plaintiff was unable to be employed and had his life substantially disrupted, causing Plaintiff to lose wages from his position of employment and otherwise impair his future earning capacity, for which claim is herein made.

40. That, the actions of Defendants, Judge, Green, Castor, Imboden, Lucht, Massaro, Ryan, Webster, White, Tuttle, and Thompson, individually, were intentional, malicious, and with such wanton disregard for Plaintiff's constitutionally protected rights as to entitle Plaintiff to the recovery of punitive damages against Defendants, Judge, Green, Castor, Imboden, Lucht, Massaro, Ryan, Webster, White, Tuttle, and Thompson, individually.

**WHEREFORE**, Plaintiff, Joseph R. Kasteleba, prays this Honorable Court for judgment in favor of Plaintiff and against Defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle, Margaret E. Thompson, Commonwealth of Pennsylvania, and Commonwealth of Pennsylvania, Board of Probation and Parole, as follows:

a.    For compensatory damages in an amount to be determined, which amount represents the following:

    1.    Damages for emotional distress and personal embarrassment and humiliation;

    2.    Damages arising by reason of the expenses incurred by Plaintiff in the employment of an attorney within the State of Florida;

    3.    Damages arising by reason of Plaintiff's loss of income as a result of his wrongful incarceration;

b.    For punitive damages against the Individual Defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle, and Margaret E. Thompson;

c.    For interest, costs, and reasonable attorney's fees; and

d.    For such other relief as the Court deems appropriate and just.

Respectfully submitted,

BRUCE J. PHILLIPS, ESQUIRE
Wetzel, Caverly, Shea, Phillips & Rodgers
Suite 210, 15 Public Square
Wilkes-Barre, PA 18701
570-823-0101

Attorney for Plaintiff,
JOSEPH R. KASTELEBA

## VERIFICATION

The language of the foregoing document is that of counsel and not necessarily my own; however, I have read the foregoing document and the factual information contained therein is true and correct to the best of my personal knowledge, except as to any averments specifically stated to be "on information and belief". To the extent that the factual averments of the foregoing document are stated to be "on information and belief", the averments are true and correct to the best of my information and belief. To the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification and said content is true and correct to the best of my information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Dated: 8/2/05                                JOSEPH R. KASTELEBA

JOSEPH R. KASTELEBA,                :     IN THE COURT OF COMMON PLEAS

                               :          OF LUZERNE COUNTY

           Plaintiff           :

                               :         CIVIL ACTION -- LAW

vs.                                  :

                               :       JURY TRIAL DEMANDED

JOHN JUDGE; MICHAEL L. GREEN;    :

ALLEN CASTOR; JEFFREY R. IMBODEN;  :

GARY R. LUCHT; GERARD N. MASSARO;  :

SEAN R. RYAN; MICHAEL M. WEBSTER;  :

LLOYD A. WHITE; JOHN R. TUTTLE;      :

MARGARET E. THOMPSON;             :

COMMONWEALTH OF PENNSYLVANIA; and  :

COMMONWEALTH OF PENNSYLVANIA,     :

BOARD OF PROBATION AND PAROLE,     :

                               :

          Defendants        :     No. 7498-2005

## CERTIFICATE OF SERVICE

I, Bruce J. Phillips, Esquire, of the Law Offices of Wetzel, Caverly, Shea, Phillips & Rodgers, certify that on the *3rd* day of August, 2005, I made service of the Notice and Complaint of Plaintiff upon Alan M. Robinson, Esquire, attorney for Defendants, by United States, first class mail, postage prepaid, addressed as follows:

Attention:  Alan M. Robinson, Esquire

               Assistant Counsel

Commonwealth of Pennsylvania

Board of Probation and Parole

Office of Chief Counsel

Suite 5100, 1101 South Front Street

Harrisburg, PA 17104-2517

Respectfully submitted,

BRUCE J. PHILLIPS, ESQUIRE

Attorney for Plaintiff,

JOSEPH R. KASTELEBA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH R. KASTELEBA,                    :
                                        :        CIVIL ACTION
        Plaintiff,                      :
                                        :        No. _____
        v.                              :
                                        :
JOHN JUDGE; et al.                      :
                                        :
        Defendants.                     :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT was served upon the person(s) indicated below:

Service by first-class mail
addressed as follows:

Bruce J. Phillips, Esq.
Wetzel, Caverly, Shea, Phillips, & Rodgers
Suite 210, 15 Public Square
Wilkes Barre, PA 18701

Attorney for Plaintiff

_____
Alan M. Robinson
Attorney I.D. No. 82670
Pennsylvania Board of
Probation and Parole
1101 South Front Street, Suite 5100
Harrisburg, PA 17104-2517
(717) 787-8126

Dated:     August 25, 2005

Thu Aug 25 11:26:47 2005

UNITED STATES DISTRICT COURT
SCRANTON        , PA

Receipt No.       111 143950
Cashier            camille

Check Number:   002468

DO Code      Div No
4667          1

Sub Acct Type Tender
1:510000  N     2           Amount
2:086900  N     2           190.00
                            60.00

Total Amount          $    250.00

COMM. OF PA BOARD OF PROB & PAROLE

FF FOR COMPLAINT

bn