UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH R. KASTELEBA, :
:
         Plaintiff :
: NO. 3:CV-05-1739
   -vs- :
: (Judge Kosik)
:
JOHN JUDGE, et al., :
:
         Defendants :

## **MEMORANDUM AND ORDER**

      This matter is before the court on the motion of all defendants to dismiss a complaint filed against them pursuant to 42 U.S.C. §1983 for alleged violations of rights under the Fourth and Fourteenth Amendments to the United States Constitution.

      Defendants' motion is filed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and Fed.R.Civ.P. 12(c) for reasons that the claims are so vague or ambiguous that it is not possible for defendants to individually or collectively frame a responsive pleading.

Background

      Since we write for the parties, we will simply relate that after a conviction and sentence in the State of Florida in 1979, the plaintiff successfully had his parole supervision transferred to Pennsylvania; that parole terminated some twenty years ago. His supervising state parole officer and defendant John Judge allegedly threatened to get the plaintiff.

      On or about April 14, 2004, while visiting Florida, plaintiff was stopped for a traffic violation. A criminal record check undertaken by Florida allegedly disclosed generally to Florida by Pennsylvania authorities that plaintiff was a fugitive from justice for whom there existed an outstanding warrant for his arrest despite the fact that he was neither a fugitive or that there existed no arrest warrant for plaintiff.

      The complaint states generally that the defendants, Commonwealth of Pennsylvania, its Board of Probation and Parole, and named defendants individually and in their official

capacities, provided the false information to Florida resulting in his incarceration for three months before the error was somehow discovered by his retained counsel.

I.

Defendants first claim that the Commonwealth of Pennsylvania, the Commonwealth's Board of Probation and Parole and the individuals in their official capacities must be dismissed as defendants because they are not "persons" under Section 1983. Plaintiff appears to concede that he cannot proceed against the state defendants or state individuals in their official capacities. Accordingly, we deem this portion of the defense motion moot.

II.

Next, the individual defendants seek dismissal because plaintiff makes no allegations of personal involvement. In the case of defendant Judge, plaintiff relies on a threat made some twenty years earlier. The other defendants cannot be liable solely on the basis of *respondeat superior*. In their case, personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). None of this appears in the complaint.

<u>Conclusion</u>

For the above reasons, the motion to dismiss is granted. However, plaintiff will be afforded an opportunity to file an amended complaint within twenty (20) days in such form as will make it possible for the defendants to know what they have done in order to allow them to frame a response.

SO ORDERED.

s/Edwin M. Kosik
United States District Judge

Date: October 13, 2005

-2-