IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH R. KASTELEBA,                    :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :     CIVIL ACTION NO. 3:05-CV-1739
                                        :     (JUDGE KOSIK)
JOHN JUDGE, MICHAEL L. GREEN,           :
ALLEN CASTOR, JEFFREY R.                :
IMBODEN, GARY R. LUCHT,                 :
GERARD N. MASSARO, SEAN R.              :
RYAN, MICHAEL M. WEBSTER,               :
LLOYD A. WHITE, JOHN R. TUTTLE,         :
MARGARET E. THOMPSON,                   :
COMMONWEALTH OF                         :
PENNSYLVANIA, and                       :
COMMONWEALTH OF                         :
PENNSYLVANIA BOARD OF                   :
PROBATION AND PAROLE                    :
                                        :
          Defendants.                   :

## MEMORANDUM

_____Before the court is the defendants' motion to dismiss the plaintiff's amended

complaint pursuant to Fed.R.Civ.P. 12(b)(6) or for an order directing the plaintiff to file

a more definite statement pursuant to Fed.R.Civ.P. 12(e).  (Doc. 9).  For the reasons

that follow we will grant in part, and deny in part, the defendants' motion.

## I.    BACKGROUND

     As this matter was previously discussed in our October 13, 2005, Order, we will

only provide a concise recitation of the relevant facts.  After a conviction and sentence

in the State of Florida in 1979, the plaintiff successfully had his parole supervision

transferred to Pennsylvania.  Plaintiff's parole terminated some twenty years ago.  At

that time, the plaintiff's supervising parole officer, defendant, John Judge, allegedly threatened the plaintiff that he would "get him."

On or about April 14, 2004, the plaintiff was stopped for a traffic violation in Florida. A criminal record check undertaken by Florida allegedly disclosed that plaintiff was a fugitive from justice in Pennsylvania for whom there existed an outstanding arrest warrant. In fact, plaintiff was not a fugitive or there was no arrest warrant for plaintiff. Plaintiff alleges that he was incarcerated in Florida for a period of three (3) months before a Florida court determined that the plaintiff was not wanted in Pennsylvania.

On August 3, 2005, plaintiff filed a complaint in Luzerne County against the defendants pursuant to 42 U.S.C. § 1983, alleging violations of plaintiff's Fourth and Fourteenth Amendment rights. Defendants removed the suit to this court and promptly filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). All parties briefed the motion. Essentially, the defendants contended that plaintiff could not pursue claims against the Commonwealth, the Board of Probation and Parole, or the individual defendants in their official capacities, as they were not considered "persons" under Section 1983. Defendants additionally argued that plaintiff's claims against the defendants in their individual capacities should be dismissed because plaintiff failed to attribute any personal involvement in his arrest and detention to the defendants. We entered an order on October 13, 2005, in which we granted the defendants' motion, but provided plaintiff the opportunity to file an amended complaint.

Plaintiff filed an amended complaint on November 1, 2005. (Doc. 8). Defendants filed another motion to dismiss on November 21, 2005. (Doc. 9).

2

Defendants' motion reasserts the challenges to the initial complaint; that the defendants are not "persons" for the purposes of Section 1983, and that plaintiff fails to allege personal involvement on the part of the defendants.

## II.    DISCUSSION

### A.    Motion To Dismiss - Rule 12(b)(6)

Pursuant to the Federal Rules of Civil Procedure, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  The Rules further counsel this court to construe all pleadings, "as to do substantial justice."  Fed.R.Civ.P. 8(f). When ruling on a motion to dismiss, a district court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party.  *Consolidated Rail Corp. v. Portlight, Inc.*, 188 F.3d 93, 94 (3d. Cir. 1999) (citations omitted).  Granting a motion to dismiss is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must decide not whether the plaintiff will prevail on his or her claims, but rather, whether the claimant is entitled to offer proof to support his or her claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  It is the defendant's burden to demonstrate that the plaintiff has not stated a viable claim.  *Gould Electric Inc. v. U.S.,* 220 F.3d 169, 178 (3d Cir. 2000).

The liberal pleading requirements set forth in the Federal Rules apply to Section 1983 plaintiffs.  The Supreme Court has expressly dismissed the notion that

Section 1983 claims are subject to a heightened pleading requirement. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 169 (U.S. 1993). In the absence of an increased pleading standard encompassing a specificity requirement for Section 1983 cases, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.*

### 1. Claims Against Defendants In Official Capacities Dismissed

The defendants argue that we must dismiss plaintiff's claims against the defendants in their official capacities as they are not considered "persons" under § 1983. Plaintiff agrees with the defendants' assertion and concludes that the claims against the defendants in their official capacities should be dismissed. Accordingly, we will dismiss all claims against the individual defendants in their official capacities as state employees.

### 2. Claims Against State And State Agency Dismissed

Plaintiff does not clearly concede that the claims against the Commonwealth of Pennsylvania and the Department of Probation and Parole should be dismissed. Plaintiff's recitation of the issues at page four of his brief in opposition suggests both that the claims against the state and agency should be dismissed *and* that he pleaded a valid cause of action against the state and its agency. We will dismiss all claims against the Commonwealth of Pennsylvania and the Board of Probation and Parole as those claims are barred by the Eleventh Amendment to the Constitution. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (U.S. 1989) (holding Eleventh

4

Amendment bars suits against states and governmental entities considered "arms of the State").  42 U.S.C. § 1983 is not a vehicle pursuant to which a plaintiff may overcome the Commonwealth's sovereign immunity provided by the Eleventh Amendment.  The Supreme Court has held that, ". . . 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States."  *Quern v. Jordan*, 440 U.S. 332, 345 (U.S. 1979).  Accordingly, plaintiff's claims against Commonwealth of Pennsylvania and the Board of Probation and Parole will be dismissed.

### 3.      Claims Against Individual Defendants Sufficient

Among other burdens, a plaintiff in a 42 U.S.C. § 1983 claim must establish that the defendant had personal involvement in the alleged constitutional violation. To establish liability under Section 1983, the plaintiff must show that the defendant personally directed the wrongful conduct, or had actual knowledge and acquiesced to the unconstitutional conduct.  *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir.1997).  "It is well-settled that liability under § 1983 may not be based on the doctrine of respondeat superior."  *Rouse v. Plantier*, 182 F.3d 192, 200 (3d Cir. 1999) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993)).

In this case, plaintiff made several additions to his amended complaint that serve to satisfy the pleading requirements of Fed.R.Civ.P. 8.  Accordingly, the pleading will survive the defendants' motion to dismiss.  In paragraph 24, plaintiff

alleges that defendant Judge had actual knowledge that the plaintiff completed his term of parole, but that the defendant, "did otherwise fail and refuse to correct and perpetuated the existing information as it pertained to Plaintiff's status within the probation and parole system . . .." (Doc. 8 at ¶ 24).  In paragraph 32 of the amended complaint, plaintiff alleges that defendants, Green, Castor, Imboden, Lucht, Massaro, Ryan, Webster, White, Tuttle and Thompson, "ignored the repeated requests of Plaintiff's Attorney to inform the law enforcement officials within the State of Florida of the correct status of Plaintiff's probation and parole within the Commonwealth of Pennsylvania." (Doc. 8 at ¶ 34).  Plaintiff alleges that the acts of all the defendants resulted in his being incarcerated in Florida for a period of three months.

Plaintiff's averments, that defendant Judge knowingly permitted incorrect information in plaintiff's file to persist, and that the remaining defendants refused to correct the error after contact from plaintiff's attorney, allege sufficient personal involvement upon which a Section 1983 claim may be based.  Treating all allegations in the amended complaint as true and drawing all reasonable inferences in plaintiff's favor, we cannot hold that,  "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.  If the defendants believe plaintiff's claims to be frivolous, an appropriate challenge may be brought through a motion for summary judgment. *See Leatherman*, 507 U.S. at 169 (holding federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious § 1983 claims sooner rather than later).  Accordingly, we will deny the defendants' motion to dismiss the claims against the named defendants in their individual capacities.

### B.    Motion For A More Definite Statement - Rule 12(e)

As noted above, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  If a plaintiff has met the Rule 8(a) threshold requirement, a motion for a more definite statement will fail.  A Rule 12(e) motion is proper only when the complaint is, "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).  "Motions for a more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." *Synagro-WWT, Inc. v. Rush Tp., PA*, 204 F.Supp.2d 827, 849 (M.D.Pa. 2002) (internal citations omitted).  As we have determined that the amended complaint comports with the pleading requirements set forth by the Federal Rules, we will deny the defendants' motion for a more definite statement pursuant to Rule 12(e).

### III.    CONCLUSION

Viewing the pleadings in the light most favorable to the plaintiff, we will grant in part and deny in part defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and deny defendants' alternative motion for more definite statement pursuant to Fed.R.Civ.P. 12(e).  We will dismiss all claims against the Commonwealth of Pennsylvania and the Board of Probation and Parole, as well as all claims against the defendants in their official capacities.  We will deny the defendants' motion as it applies to the named defendants in their individual capacities.  We will deny the defendants' motion for a more definite statement.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH R. KASTELEBA,         :
                               :
        Plaintiff,          :
                               :
        v.               :         CIVIL ACTION NO. 3:05-CV-1739
                               :         (JUDGE KOSIK)
JOHN JUDGE, MICHAEL L. GREEN,  :
ALLEN CASTOR, JEFFREY R.       :
IMBODEN, GARY R. LUCHT,       :
GERARD N. MASSARO, SEAN R.   :
RYAN, MICHAEL M. WEBSTER,   :
LLOYD A. WHITE, JOHN R. TUTTLE,  :
MARGARET E. THOMPSON,      :
COMMONWEALTH OF            :
PENNSYLVANIA, and            :
COMMONWEALTH OF            :
PENNSYLVANIA BOARD OF      :
PROBATION AND PAROLE      :
                               :
        Defendants.       :

## ORDER

AND NOW, this 24th day of April, 2006, IT IS HEREBY ORDERED THAT:

[1] Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)/motion for more definite statement pursuant to Fed.R.Civ.P. 12(e) (Doc. 9) is **granted in part and denied in part**;

[2] all claims against the Commonwealth of Pennsylvania and the Commonwealth of Pennsylvania Board of Probation and Parole are dismissed;

[3] all claims against the defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle and Margaret E. Thompson, ***in their official capacities***, are dismissed; and,

[4] the remaining defendants, John Judge, Michael L. Green, Allen Castor, Jeffrey R. Imboden, Gary R. Lucht, Gerard N. Massaro, Sean R. Ryan, Michael M. Webster, Lloyd A. White, John R. Tuttle and Margaret E. Thompson, are directed to file a responsive pleading to the plaintiff's complaint within ten (10) days of this order pursuant to Fed. R. Civ. P. 12(a)(4)(A).


s/Edwin M. Kosik
United States District Judge